The opinion of tb6 court was delivered by
Gibson, C. J.
ffhe witness would undoubtedly be. liable to the plaintiff in the event of the proceeds of her goods being applied to the payment of the rent; or, in the alternative of the contrary event, he would remain liable to the landlord on his covenant. < So far his interest-was balanced. But, in favour of the plaintiff, he would be exposed to án additional demand for the costs incurred; so that in this respect it would be less expensive for him to be reached directly than circuitously, it is, however, said, the replication of no rent in arrear was intended for the plaintiff ’s own benefit, on the supposition that the landlord was a wrong-doer: consequently that the issue involved an inquiry with which the witness had no' concern; so that he could,in rio event-be burdened with the costs. But the foundation of the argument fails. The tenant is bound to defend the rights of one whose property has-been dis-trained only in consequence of his having been his guest; and where he refuses to do so, the owner defends on the tenant’s responsibility. And he is bound to contest every inch-of the ground, for a voluntary payment would be at his own risk;'and bad if there were no rent in arrear. The defence was not only necessary to the plaintiff’s safety; but it was manifestly the interest of the witness to put the landlord to proof of the facts -set forth in the avow-> •ry; and, as the witness would, eventually be-'liable for the costs, he had a certain- and a direct.interest in preventing a recovery.
Judgment afii'rmed.